# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PATRICK MUDRON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 03 C 8708 |
| BROWN & BROWN, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Patrick Mudron's ("Mudron") motion for attorney's fees and costs and motion for discovery sanctions and other relief. For the reasons stated below, we grant in part and deny in part Mudron's motion for attorney's fees and costs. In addition, we deny Mudron's motion for discovery sanctions and other relief without prejudice.

## BACKGROUND

During the course of discovery, Mudron requested the production of certain documents from Defendant Brown & Brown, Inc. ("Brown"). Brown refused Mudron's request and filed a motion for entry of a protective order with respect to

1

the production of such documents. After we denied Brown's motion, Brown filed another motion for entry of a protective order which we also denied. Mudron then filed a motion to compel the production of such documents from Brown. We granted Mudron's motion to compel and Brown filed a motion for reconsideration. After we denied Brown's motion for reconsideration, Brown continued to fail to produce the documents and Mudron filed a renewed motion to compel. Before briefing was completed on Mudron's renewed motion to compel, Brown filed a petition for writ of mandamus in the Seventh Circuit concerning our order granting Mudron's initial motion to compel. While Brown's petition for writ of mandamus was pending, we granted Mudron's renewed motion to compel and Brown subsequently produced the documents. Despite having produced the documents, Brown continued to pursue its petition for writ of mandamus in the Seventh Circuit and also filed another motion for a protective order before this court (which we later denied). Mudron then filed a motion to dismiss Brown's petition for writ of mandamus in the Seventh Circuit. Subsequently, the Seventh Circuit issued an order denying Brown's petition for writ of mandamus and stated that "Rule 37(a)(4) entitles plaintiff to recover the full costs (including legal fees) entailed in overcoming Brown & Brown's resistance to discovery." (Pl.'s Ex. A). Pursuant to Federal Rule of Civil Procedure 37(a)(4) ("Rule 37(a)(4)"), Mudron now requests $36,841.43 in attorney's fees and costs. Brown "denies that [Mudron] is entitled to any fees and costs." (D.'s Opp'n 13). Brown further argues that if we grant

Mudron's motion, we "should reduce the amount by a total of $27,163.01." *Id.*

## DISCUSSION

I. Rule 37(a)(4)

In *Rickels v. City of South Bend, Ind.,* 33 F.3d 785 (7th Cir. 1994), the Seventh Circuit stated that "Rule 37(a)(4) presumptively requires every loser to make good on the victor's costs. . . ." *Id.* at 786. Rule 37(a)(4), entitled "Expenses and Sanctions" provides in sub-part (A) the following:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4). In addition, since "Rule 37(a)(4) is a fee-shifting rule," the prevailing party is "entitled to fees unless the opponent establishes that his position was 'substantially justified.'" *See Rickels,* 33 F.3d at 787(stating that "[a] loser may avoid payment by establishing that his position was substantially justified.").

### A. Attorney's Fees & Costs

Pursuant to Rule 37(a)(4), Mudron requests attorney's fees and costs related

3

to Brown's resistance to discovery in this court and in the Seventh Circuit. Brown opposes Mudron's request and argues that the position it took with respect to Mudron's discovery requests was substantially justified. Specifically, Brown argues that its position was substantially justified because of: 1) certain documents that were allegedly confidential, 2) the applicability of law of the case doctrine, and 3) the Seventh Circuit's order denying its writ of mandamus.

### 1. Confidentiality

Brown argues that its "attempts to avoid producing its confidential information to its competitor were not unreasonable, under the circumstances, as this Court already concluded when it previously declined to award [Mudron] his expenses under Rule 37." (Def.'s Opp'n 6). However, this court did not previously conclude that Brown's failure to produce the documents was "not unreasonable." Brown's argument that the documents were confidential was previously addressed and rejected when we denied Brown's three motions for entry of a protective order and granted Mudron's motion to compel the documents. Therefore, Brown's argument that its position was substantially justified because the documents were confidential is without merit.

### 2. Law Of The Case Doctrine

Under the law of the case doctrine, "a ruling made in an earlier phase of a

litigation controls the later phases unless a good reason is shown to depart from it."
*Tice v. American Airlines, Inc.*, 373 F.3d 851, 853 (7th Cir. 2004). Brown argues that the "law of the case" should control and "should not be disturbed. . . ." (Def.'s Opp'n. 4). To establish what Brown contends is the "law of the case", Brown cites three of our previous minute orders in which we denied Mudron's earlier requests for Rule 37(a)(4) attorney's fees and costs. (Def.'s Ex. 2, 3,6). Although we orally denied earlier motions by Mudron for sanctions, we made no findings as to whether Brown's actions in refusing to comply with discovery requests were substantially justified. Accordingly, Brown's argument as to the law of the case is misplaced. Further, Brown's argument that fees are inappropriate since we previously declined to make such an award is without merit because Brown's continued failure to timely produce the documents, when viewed collectively, displays a calculated level of "resistance to discovery" in this court and the Seventh Circuit which shows "good reason" for expenses to be awarded at this juncture. *Tice*, 373 F.3d at 853.

### 3. Writ of Mandamus

In order to successfully contest Brown's writ of mandamus, Mudron was forced to file a response to the writ of mandamus, as well as a motion to dismiss to inform the Seventh Circuit that Brown had already turned over the documents. Based on the Seventh Circuit's order denying Brown's writ of mandamus, Brown argues that Mudron's request for attorney's fees and costs "should be denied to the

extent that it relates to fees and costs beyond those that [Brown] 'was forced to incur' at the appellate level." (Def.'s Opp'n 2). Brown also states that the Seventh Circuit's Order makes a "presumption related to fees" and "overlooks the exceptions to Rule 37...." Id. at 6. In addition, Brown contends that the Seventh Circuit's order "provides no basis for this Court to reverse itself and award Plaintiff his fees and costs...." (Def.'s Opp'n 6). We disagree with Brown's interpretation of the Seventh Circuit's order and note that Brown continued to resist discovery and brought the issue before the Seventh Circuit *via* mandamus. In its order denying mandamus the Seventh Circuit stated the following:

> Rule 37(a)(4) entitles plaintiff to recover the full costs (including legal fees) entailed in overcoming Brown & Brown's resistance to discovery. Because Rule 37(a)(4) is a fee-shifting provision rather than a sanctions rule, these costs and fees automatically include outlays needed to defend one's victory in the court of appeals. See *Rickels v. South Bend*, 33 F.3d 785 (7th Cir. 1994). When the district court makes the award required by Rule 37(a)(4), it should include the expenses and legal fees that plaintiff has been forced to incur in this court.

(Pl.'s Ex. A.).

Brown has failed to establish that its position to contest Mudron's motion to compel was substantially justified. Accordingly, we find that pursuant to Rule 37(a)(4) Mudron is entitled to the attorney's fees and costs it has shouldered as a result of Brown's actions before this court and the Seventh Circuit. In addition to the attorney's fees and costs associated with Mudron's motion to compel, Mudron is also entitled to be reimbursed for the costs connected with Brown's three motions for

entry of a protective order.

## B. Expense Request Entries

In support of Mudron's motion for attorney's fees and costs, Mudron has submitted exhibits which contain the hourly rates of his attorneys and a detailed breakdown of their fees and costs from May 6, 2004, through and including October 22, 2004. *See Rickles,* 33 F.3d at 787(discussing the Rule 37(a)(4) fee shifting rule and stating that "[t]he rationale of fee-*shifting* rules is that the victor should be made whole–should be as well off as if the opponent respected his legal rights in the first place.")(emphasis in the original). Mudron has identified each expense request entry and has declared that attorney Penny Nathan Kahan's rate per hour was $375.00, attorney Michael Merrick's rate per hour was $275.00, attorney Marc Siegel's rate per hour was $210.00, and attorney Kristin Case's rate per hour was $175.00. (Pl.'s Ex. B ¶'s 7, 11). Brown has not objected to the hourly rates charged by Mudron's attorneys and in any event we find them to be reasonable.

Brown has argued that a number of Mudron's expense request entries are inappropriately combined with other expenses not related to the discovery expenses in this case. We note that certain expense request entries submitted by Mudron totaling $2,119.51 fail to sufficiently delineate the degree and extent of time Mudron expended on the issue of discovery in this case. *See* Pl.'s Group I Ex.(identified as Slip I.D. #'s 20750, 20769, 21609, 21713, 21932, and 23026). Therefore, we find

that Mudron has failed to properly establish that he is entitled to attorney's fees and costs in the amount of $2,119.51 that he seeks in those entries. Mudron has also voluntarily agreed to reduce other expenses objected to by Brown by a total of $894.46. *See* Pl.'s Group I Ex.(identified as Slip I.D. #'s 21012, 21050, 21051, 21058, 21530, 21535, 21540, 22321, 22323, 22409, and 21664); Reply 4-5. After these reductions, Mudron's remaining expense request entries, from May 6, 2004, through and including October 22, 2004, total $33,813.71. Bas ed on the record, and the extent to which Brown has resisted discovery in this matter, we find that $33,813.71 amount is both reasonable and appropriate under Rule 37(a)(4). Therefore, pursuant to Rule 37(a)(4), we deny Mudron's original request for $36,841.43 in attorney's fees and costs and we grant and award Mudron $33,813.71 in attorney's fees and costs.

## II. Discovery Sanctions and Other Relief

On December 17, 2004, Mudron filed a motion for discovery sanctions and other relief alleging that he has been consistently denied electronic data that is in Brown's control which may be relevant to Mudron's pattern and practice discovery. On January 4, 2005, after Mudron's motion was fully briefed, we issued a minute order and struck all previously set discovery and dispositive motion dates and ordered that Mudron's forensic expert be allowed access to Brown's computer drives to obtain forensic images. In addition, we granted Mudron 60 days leave thereafter

8

to complete his statistical expert report. Without addressing the merits of Mudron's instant motion, we find that such a motion may be unnecessary or, in any event, better adjudicated after Mudron has had the opportunity to view the electronic data in question and complete his expert report. Accordingly, Mudron's motion for discovery sanctions and other relief is premature and we therefore deny it without prejudice.

## CONCLUSION

Based on the foregoing analysis, we grant in part and deny in part Mudron's motion for attorney's fees and costs. In addition, we deny Mudron's motion for discovery sanctions and other relief without prejudice.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 17, 2005